FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 05 2017 ★

LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

―――――――――――――――――――――――x

MICHAEL BRYAN; an individual; on behalf of himself and all others similarly situated,

                    Plaintiffs,

vs.

GLASS MOUNTAIN CAPITAL LLC,

                    Defendant.

―――――――――――――――――――――――

CASE NO.:

CV 17 2727

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**DEMAND FOR JURY TRIAL**

AZRACK, J.
SHIELDS, M.J.

### I. PRELIMINARY STATEMENT

1.    Plaintiff, MICHAEL BRYAN ("Plaintiff" or "Bryan"), on behalf of himself and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of the Defendant Glass Mountain Capital LLC who, *inter alia*, used false, deceptive, misleading, unconscionable, and other illegal practices, in connection with their attempts to collect an alleged debt from the Plaintiff and others.

2.    The Plaintiff alleges that the Defendant's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

3.    The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not

competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

4. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

5. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. §§ 1692e(1)-(16). Among these *per se* violations prohibited by that section are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); the threat to take any action that cannot legally be taken or that is not intended to be taken the failure by debt collectors, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

6. To eliminate abusive debt collection practices, the FDCPA, at 15 U.S.C. § 1692g(a) sets forth requirements for written notice to a consumer including the amount of the debt, 15 U.S.C. § 1692g(a)(1).

7. The Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FCDPA and all other common law or statutory regimes. The Plaintiff, on behalf of himself and all others similarly situated, requests that he and the class members be awarded statutory, common law, punitive, and/or actual damages payable by the Defendant.

## II. PARTIES

8. BRYAN is a natural person.

9. At all times relevant to this complaint, BRYAN resided in the Mount Sinai, New York, Suffolk County.

10. At all times relevant to this complaint, Glass Mountain Capital LLC is a Delaware Limited Liability Company. Its Registered Agent is the Corporation Service Company, 80 State Street, Albany, New York 12207-2543.

## III. JURISDICTION & VENUE

11. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

12. Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

13. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because the Defendant is subject to personal jurisdiction in the State of New York at the time this action is commenced.

## IV. FACTS CONCERNING PLAINTIFF

14. Sometime prior to April 13, 2017, Plaintiff allegedly incurred a financial obligation to Comenity Capital Bank. ("Comenity Obligation").

15. The Comenity Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

16. Defendant contends that the Comenity Obligation is in default.

17. The alleged Comenity Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

18. Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

19. Plaintiff is informed and believes, and on that basis alleges, that sometime prior to April 13, 2017, the creditor of the Comenity Obligation either directly or through intermediate transactions transferred the debt to Glass Mountain Capital LLC for collection.

20. Glass Mountain Capital LLC collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

21. Glass Mountain Capital LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

22. Plaintiff is informed and believes, and on that basis alleges, that sometime on or near April 13, 2017 Comenity Bank, either directly or through intermediate transactions assigned, placed, or transferred the Comenity Obligation to Glass Mountain Capital LLC for collection.

23. Glass Mountain Capital LLC collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

24. Glass Mountain Capital LLC is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25. On or about April 13, 2017, Glass Mountain Capital LLC mailed an initial collection letter, which is dated April 13, 2017, and which Plaintiff received in the ordinary course of mail. ("4/13/2017 Letter"). A true and correct copy of the 4/13/2017 Letter is attached hereto as ***Exhibit A***, except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

26. The 4/13/2017 Letter was sent, or caused to be sent, by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

27. The 4/13/2017 Letter was sent to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

28. The 4/13/2017 Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

29. On information and belief, the 4/13/2017 Letter is a computer-generated form letter that is prepared by the Defendant and sent to consumers, such as Plaintiff, from whom they were attempting to collect a debt.

30. On Page One of the 4/13/2017 Letter, it states, *inter alia*, "... if you would like to make a payment, you may contact our office and speak to a representative, use the form at the bottom of this page, or visit our website at, www.gmcpayments.com"

31. The Glass Mountain Capital payment portal illegally requires consumers who choose credit card payment to pay a minimum of $25.00, when minimum credit card payments may not exceed $10. **Exhibit B**.

32. On information and belief, the Defendant is not legally or contractually permitted to require minimum credit card payments of $25.00 or greater. 15 U.S.C. §1693o-2.

33. Defendant's requiring a $25 minimum credit card payment is a materially false, deceptive, and misleading in that, minimum dollar amount for credit card purchases may not exceed $10., in violation of 15 U.S.C. § 1692e.

34. Defendant's requiring a $25 minimum credit card payment constitutes a false representation and communication of credit information which is known or which should be known to be false in violation of 15 U.S.C. § 1692e(8).

35. Defendant' requiring a $25 minimum credit card payment constitutes a false representation and deceptive means to collect or attempt to collect any debt in violation of 15

U.S.C. § 1692e(10.

## V. POLICIES AND PRACTICES COMPLAINED OF

36. It is Defendant's' policy and practice to require $25 minimum credit card payments on its payment portal, in the form attached as *Exhibit B*, that violate the FDCPA by, *inter alia*:

(a) Using false, deceptive, or misleading representations in connection with the collection of a debt;

(b) Communicating to any person credit information which is known or which should be known to be false;

(c) Using false representations and deceptive means to collect or attempt to collect any debt.

37. On information and belief, Defendant publishes its minimum $25 credit card payment in the form attached as *Exhibit B*, to at least 50 natural persons in the State of New York.

## VI. CLASS ALLEGATIONS

38. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

39. With respect to the Plaintiff Class, this claim is brought on behalf of a class of (a) all natural persons in the State of New York (b) to whom Defendant published a $25 minimum credit card payment in the form attached as *Exhibit B* (c) in connection with Defendant's attempt to collect a consumer debt (d) which communication violates the FDCPA (f) during a period beginning one year prior to the filing of this initial action and ending 21 days after the filing of

this Complaint.

40. The identities of all class members are readily ascertainable from the records of Defendant.

41. Excluded from the Plaintiff Class is the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

42. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendants' written communications, in the form attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e, 1692e(8), and 1692e(10).

43. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

44. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

45. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to

all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendants' written communications, in the form attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e, 1692e(8), and 1692e(10).

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel has any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

46. Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant, which collect debts throughout the United States of America.

47. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Defendant's payment portal, which is attached hereto as *Exhibit B*, violates 15 U.S.C. §§ 1692e, 1692e(8), and 1692e(10), is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

48. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

49. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to modify the class definition and/or certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VII. FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

50. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

51. Defendant violated the FDCPA. Defendant's violations with respect to their communications, in the form attached as *Exhibit A*, include, but are not limited to, the following:

(a) Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

(b) Communicating credit information which is known or which should be known to be false in violation of 15 U.S.C. § 1692e(8);

(c) Using false representations and/or deceptive means to collect or attempt to collect

any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);

## IX. PRAYER FOR RELIEF

52. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the Plaintiff Class as follows:

A. **For the FIRST CAUSE OF ACTION:**

(i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing BRYAN and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

(ii) An award of the maximum statutory damages for BRYAN and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii) For declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 adjudging Defendant collection communications, in the form attached hereto as *Exhibit B*, violates the FDCPA;

(iv) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(v) For such other and further relief as may be just and proper.

## X. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:   Uniondale, New York
         May 4, 2017

                                            Abraham Kleinman, Esq. (AK-6300)
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY   11556-0626
Telephone:   (516) 522-2621
Facsimile:   (888) 522-1692
E-Mail:   akleinman@kleinmanllc.com

*Attorney for Plaintiff, Michael Bryan, and all others similarly situated*